IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
August 6, 2019 Session

**DON GATLIN, ET AL. V. LINDA L. SCOTT**

**Appeal from the Circuit Court for Sumner County**
**No. 83CC1-2017-CV-189     Joe Thompson, Judge**

_____

**No. M2018-02293-COA-R3-CV**

_____

This appeal concerns the alleged formation of a contract for the sale of real property. The court ruled that text messages concerning the sale of the property did not constitute a present offer and acceptance sufficient to form a contract for the purchase of the property at issue. We affirm.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed; Case Remanded**

JOHN W. MCCLARTY, J., delivered the opinion of the Court, in which FRANK G. CLEMENT, JR., P.J., M.S. and ANDY D. BENNETT, J., joined.

Christopher E. Hugan, Nashville, Tennessee, for the appellants, Don and Dora Gatlin.

Zachary D. Oswald and David Kozlowski, Gallatin, Tennessee, for the appellee, Linda L. Scott.

**OPINION**

## I.     BACKGROUND

This action concerns real property in Sumner County, Tennessee. Don and Dora Gatlin ("Plaintiffs") communicated via text message with Linda L. Scott ("Defendant") for several months concerning the sale of Defendant's property. In 2017, Mr. Gatlin inspected the property to evaluate its condition and estimate the cost of renovation. He then sent the following message:

Hi Linda. It was very nice to meet you yesterday. I put together budgets to fix up your house and I feel comfortable with 100,000. I am not going to

get rich off of it but it will keep me and my guys busy for a couple of months and should be ok.

I will offer a cash deal, no contingency or inspection and close as soon as it clears title search. I use a closing attorney that is very reasonable. His name is Tim Ferguson here in Hendersonville. Please let me know if you want to move forward and I'll get a contract to you.

Defendant responded as follows:

Good morning Don – thanks again for your interest in my home. I had three more people that wanted to look at it, however, after meeting with you on Thursday and receiving your offer, we no longer feel it necessary to prolong this any further......We will gladly accept your offer and look forward to working with you. Thanks again……I hope you have a nice day

Mr. Gatlin responded with the following text:

I'm [glad] to hear this. I will get Tim to draw up a simple real estate contract next week and we will get this done asap. My wife comes back Monday so we can possibly get this closed next week depending on Tim's availability for title search and closing and your schedule on finishing up moving your stuff. I will swing by today and say hi.

Shortly thereafter, Defendant informed Mr. Gatlin that she received an offer of $107,000 for the property and that she planned to accept the offer. Plaintiffs increased their offer; however, Defendant sold the property to another party. Plaintiffs then filed suit in General Sessions Court, claiming that the text exchange formed an enforceable contract in satisfaction of the Statute of Frauds. The Sessions Court held in favor of Plaintiffs and awarded monetary damages. Defendant appealed to the Circuit Court, and the Parties filed competing motions for summary judgment.

The trial court granted summary judgment in favor of Defendant, holding that a contract had not been formed because there was no present offer and acceptance. The court explained its ruling as follows:

[T]he parties' text messages, which utilize the future tense, constitute a discussion or negotiation regarding a potential real estate contract to be memorialized by paper writing prepared by [Plaintiffs'] attorney, Mr. Tim Ferguson, and executed by the parties. These text messages do not

evidence an agreement or contract arising from a present offer and acceptance by the parties.

This timely appeal followed.

## II.    ISSUE

The sole and dispositive issue on appeal is whether the court erred in granting summary judgment for Defendant based upon its finding that no contract for the sale of the property had been formed.

## III.    STANDARD OF REVIEW

The appropriate summary judgment standard to be applied is as follows:

[W]hen the moving party does not bear the burden of proof at trial, the moving party may satisfy its burden of production either (1) by affirmatively negating an essential element of the nonmoving party's claim or (2) by demonstrating that the nonmoving party's evidence at the summary judgment stage is insufficient to establish the nonmoving party's claim or defense.

*Rye v. Women's Care Center of Memphis, MPLLC*, 477 S.W.3d 235, 264 (Tenn. 2015). Summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Tenn. R. Civ. P. 56.04.

"We review a trial court's ruling on a motion for summary judgment de novo, without a presumption of correctness." *Rye*, 477 S.W.3d at 250 (citations omitted). "In doing so, we make a fresh determination of whether the requirements of [Rule 56] have been satisfied." *Id.* (citations omitted). We must view all of the evidence in the light most favorable to the nonmoving party and resolve all factual inferences in the nonmoving party's favor. *Martin v. Norfolk S. Ry. Co.*, 271 S.W.3d 76, 84 (Tenn. 2008).

## IV.    DISCUSSION

In Tennessee, an oral contract for the sale of land is invalid unless the agreement or promise was later made in writing by the parties involved in the sale. Tenn. Code Ann. § 29-2-101(a)(4). Plaintiffs assert that the formation of this contract is valid under the Uniform Electronic Transaction Act ("UETA"), which governs transactions made via

electronic means, because the text messages contained all essential terms necessary for the formation of a contract. Tenn. Code Ann. § 47-10-106. We disagree.

As a threshold issue, Plaintiff first had to prove that an enforceable contract existed between the parties. *See Seramur v. Life Care Ctrs. of Am. Inc.*, No. E2008-01364-COA-R3-CV, 2009 WL 890885, at *2 (Tenn. Ct. App. Apr. 2, 2009) (citing *BankcorpSouth Bank, Inc. v. Hatchel*, 223 S.W.3d 223, 227 (Tenn. Ct. App. 2006)). A contract, either written or oral, "must result from a meeting of the minds of the parties in mutual assent to the terms, must be based upon a sufficient consideration, free from fraud or undue influence, not against public policy and sufficiently definite to be enforced." *Higgins v. Oil, Chem. and Atomic Workers Int'l Union*, 811 S.W.2d 875, 879 (Tenn.1991) (internal quotation and citation omitted). "The legal mechanism by which parties show their assent to be bound is through offer and acceptance." *Moody Realty Co., Inc. v. Huestis*, 237 S.W.3d 666, 675, n. 8 (Tenn. Ct. App. 2007). As stated by this court:

> The contemplated mutual assent and meeting of the minds cannot be accomplished by the unilateral action of one party, nor can it be accomplished by an ambiguous course of dealing between the two parties from which differing inferences regarding continuation or modification of the original contract might reasonably be drawn. In addition, a mere expression of intent or a general willingness to do something does not amount to an "offer."
>
> Even though a manifestation of intention is intended to be understood as an offer, it cannot be accepted so as to form a contract unless the terms of the contract are reasonably certain.
>
> The terms of a contract are reasonably certain if they provide a basis for determining the existence of a breach and for giving an appropriate remedy.
>
> The fact that one or more terms of a proposed bargain are left open or uncertain may show that a manifestation of intention is not intended to be understood as an offer or as an acceptance.

*Jamestowne on Signal, Inc. v. First Fed. Sav. & Loan Ass'n*, 807 S.W.2d 559, 564 (Tenn. Ct. App. 1990) (citations omitted).

Here, as noted by the trial court, the text messages utilized the future tense regarding a potential real estate contract to be prepared and executed by the parties at a later time. Plaintiffs advised Defendant as follows:

- 4 -

I will offer a cash deal, no contingency or inspection and close as soon as it clears title search. I use a closing attorney that is very reasonable. His name is Tim Ferguson here in Hendersonville. *Please let me know if you want to move forward and I'll get a contract to you.*

(Emphasis added.). Defendant responded, "We will gladly accept your offer and look forward to working with you." The messages, considered alone, did not evidence a *present* offer and acceptance sufficiently definite to be enforced. While a contract may be formed even when a subsequent final writing is contemplated to memorialize the agreement, the terms allegedly agreed upon here did not, at the very least, provide a basis for determining an appropriate remedy in the event of a breach. *See Gurley v. King*, 183 S.W.3d 30, at 43 (Tenn. Ct. App. 2005) (noting that the absence of essential terms would support the trial court's dismissal of the breach of contract action). The circumstances presented here show that the agreement was a preliminary negotiation and not a final agreement to which either party intended to be bound. With these considerations in mind, we affirm the court's grant of summary judgment in favor of Defendant.

## V. CONCLUSION

We affirm the decision of the trial court and remand for such further proceedings as may be necessary. Costs of this appeal are taxed equally to the appellants, Don and Dora Gatlin.

_____
JOHN W. McCLARTY, JUDGE